Donald M. Cislo, Esq., No. 49,203
   *doncislo@cislo.com*
Daniel M. Cislo, Esq., No. 125,378
   *dan@cislo.com*
Mark D. Nielsen, Esq., No. 210,023
   *mnielsen@cislo.com*
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401-4110
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
AMINI INNOVATION CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINI INNOVATION CORPORATION, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MCFERRAN HOME FURNISHINGS, INC., a California corporation, SHARON LIN, an individual, and DOES 1-9, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**(2) DESIGN PATENT INFRINGEMENT**<br><br>**[JURY DEMAND]** |

For its Complaint, Plaintiff Amini Innovation Corporation alleges as follows:

## PARTIES

1. Plaintiff Amini Innovation Corporation ("Plaintiff" or "AICO") is a California corporation having its principal place of business at 8725 Rex Road, Pico Rivera, California 90660. AICO is well known for its innovative furniture

designs and its reputation for quality products. AICO displays and/or offers for sale its furniture at various trade shows and on its Internet website as well as other outlets.

2. Defendant McFerran Home Furnishings, Inc. ("McFerran") is a California corporation with a business address of 4850 Eucalyptus Avenue, Chino, California 91710.

3. Defendant Sharon Lin (aka Xiaorong Lin) ("Lin") is an individual residing in this judicial district at 16935 Mariah Court, Yorba Linda, California 92886, and is an/the owner of, and an officer or director of, McFerran Home Furnishings (Lin is believed to be the President of McFerran at all relevant times herein). She is believed to have directed, in part or in whole, the activities of McFerran complained of herein. McFerran and Lin will hereafter be referred to as "Defendants" unless the context indicates otherwise.

4. The true names and capacities, whether individual, corporate, or otherwise of Defendants Does 1-9 inclusive, are unknown to AICO, who therefore sues them by such fictitious names. AICO will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained. AICO is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged. At all times herein mentioned, Defendants Does 1-9 inclusive were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338(a) as it arises under Acts of Congress related to

2

copyrights and design patents.

6. This Court has personal jurisdiction over Defendant McFerran in that it is doing continuous and systematic business in this judicial district through its place of business located in this judicial district.

7. This Court has personal jurisdiction over Defendant Lin in that she is an individual residing in this judicial district, and because she is believed to have performed a substantial portion of the actions complained of herein in this judicial district, knowing that their effects and resultant injuries would be felt by AICO, which resides in this judicial district.

8. Venue is proper in this judicial district as to Defendants pursuant to 28 U.S.C. § 1391(b)(1, 2) and § 1391(c) in that Defendant are subject to personal jurisdiction in this judicial district, they reside in this judicial district, and at least a substantial portion of the acts and omissions giving rise to the asserted claims occurred in this district, or were known to have effects in this district given that AICO is a well-established and well-known company that is known to reside in this judicial district.

## FACTUAL ALLEGATIONS

### AICO Intellectual Property Rights

9. AICO is a well-known furniture designer and manufacturer located in Los Angeles County, California. AICO has advertised its furniture inside the front cover of the furniture industry's flagship publication, Furniture Today, for many years. AICO also has an extensive website showing its furniture collections (and its location in this judicial district). AICO also has a strong social media presence. In addition, AICO has brochures, which it disseminates, for each of its furniture collections, the brochures showing photographs of the furniture within the collection, as well as indicating AICO's location in this judicial district. AICO also

3

1 displays its furniture at regular trade shows around the United States, including at
2 some of the same trade shows where McFerran displays its products (e.g., Las
3 Vegas). Defendants, upon information and belief, are, or are likely, aware of
4 AICO's location, and are, or are likely, aware that their actions could potentially
5 harm a company within this judicial district at least by virtue of having knowledge
6 of AICO's website, AICO's brochures, and AICO's furniture designs to unlawfully
7 knock off AICO's designs.

8     10.    AICO's Chateau Beauvais collection includes furniture designs that
9 consist of ornamental details and an overall shape and appearance that originated
10 with, and are owned by, AICO.

11     11.    Photograph(s) of AICO's Chateau Beauvais bedroom collection are
12 attached hereto as **Exhibit 1**.

13     12.    AICO was awarded U.S. Copyright Registration No. VA 1-687-895
14 for the design that consists primarily of ornamental designs on its Chateau Beauvais
15 Dresser (see attached **Exhibit 2**).

16     13.    AICO was awarded U.S. Copyright Registration No. VA 1-707-601
17 for the design that consists primarily of ornamental designs on its Chateau Beauvais
18 Mirror (see attached **Exhibit 3**).

19     14.    AICO was awarded U.S. Copyright Registration No. VA 1-687-890
20 for the design that consists primarily of ornamental designs on its Chateau Beauvais
21 Nightstand (see attached **Exhibit 4**).

22     15.    AICO may seek one or more additional copyright registrations and
23 may seek leave to amend this Complaint.

24     16.    AICO was awarded U.S. Design Patent No. D605,873 ("'873 Patent")
25 for its Chateau Beauvais Dresser, which issued on December 15, 2009. Said patent
26 is attached hereto as **Exhibit 5**. The patent was duly and legally issued and
27 assigned to AICO.

28     17.    AICO was awarded U.S. Design Patent No. D610,812 ("'812 Patent")

for its Chateau Beauvais Mirror, which issued on March 2, 2010. Said patent is attached hereto as **Exhibit 6**. The patent was duly and legally issued and assigned to AICO.

### Defendant's Willful Infringements

18. In approximately early 2014, AICO learned that Defendant McFerran was publicly displaying (at least on its internet website), and offered for sale knockoffs of certain furniture items in AICO's Chateau Beauvais bedroom collection. See, **Exhibit 7**, attached hereto.

19. The particular items that AICO is aware of, and presently accuses of infringing, are McFerran's B1600 dresser, mirror, and nightstand, McFerran's B1601 dresser, mirror, and nightstand, and McFerran's B3600 mirror.

20. The above-referenced infringements are willful for a number of reasons.

21. First, Defendant Lin is fully aware of AICO and its original furniture designs because she, and the companies she has headed in the past, have previously infringed other AICO designs.

22. In or about 2003, AICO enforced certain of its intellectual property rights against a company by the name of Greengrass Home Furnishings and Defendant Lin (who was an officer of Greengrass at the time). The matter was ultimately settled.

23. Sometime after the settlement agreement and injunction in Greengrass case, Lin left Greengrass for unknown reasons and formed McFerran in late 2004.

24. Second, in 2006, AICO learned that McFerran, Lin's new company, was offering for sale and selling copies of the very furniture she agreed not to sell in the Greengrass settlement agreement, as well as other furniture that violated AICO's intellectual property rights. Shortly thereafter, AICO commenced litigation against McFerran *and Lin* for violations of AICO's intellectual property rights, and

a separate cause of action for breach of the Greengrass settlement agreement by Lin.

25. In or about November of 2006, the McFerran action was settled, with McFerran *and Lin* stipulating to a permanent injunction, and also agreeing to be mindful of AICO's intellectual property rights concerning furniture McFerran *and Lin* intended to offer for sale or sell in the future.

26. In 2013, AICO identified additional infringements of its intellectual property by McFerran, which is the subject of pending litigation in this Court, *Amini Innovation Corporation v. McFerran Home Furnishings, Inc. and Sharon Lin*, Case No. CV 13-6496 RSWL (SSx). AICO incorporates by reference herein paragraphs 19-30 (and the exhibits referenced therein) from the *Amini Innovation Corporation v. McFerran Home Furnishings, Inc. and Sharon Lin* case, as if fully set forth herein.

27. It is apparent from the foregoing history between AICO and Lin and her companies – i.e., Greengrass and McFerran), as well as from the allegations herein regarding McFerran's latest activities, that McFerran, and in particular its President, Lin, that McFerran and Lin have a pattern and practice of targeting AICO's furniture designs for knocking off and selling.

28. Third, McFerran (presumably at the direction of Lin) also has a history of infringing others' intellectual property. In fact, McFerran was sued by Greengrass for copyright infringement in December of 2007 (C.D. Cal. Case No. 07-7919). The matter was ultimately settled, according to PACER.

29. The foregoing demonstrates that Defendants' current infringements detailed herein are willful and intentional on the part of Defendants. It is highly unlikely that such matters were accidental on the part of Defendants.

30. Defendants are clearly attempting to ride on AICO's coattails and benefit from the tremendous goodwill and reputation AICO and its furniture designs have in the industry in both the United States, and to divert sales away from

1  AICO by selling cheap knockoffs of AICO's furniture.

2      31.    For all of these reasons, Defendants are liable for money damages to AICO and must be deterred from any further violations of AICO's intellectual property rights.

    32.    To prevent Defendants from knocking off additional AICO collections in furtherance of their pattern and practice to date, as well as to stop their knocking off of AICO's Chateau Beauvais bedroom collection, Defendants should be enjoined from continuing their current willfully infringing activities.

## COUNT I - COPYRIGHT INFRINGEMENT
## **17 U.S.C. §§ 101 ET SEQ.**

    33.    AICO hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 32 above.

    34.    This claim is against Defendant for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

    35.    AICO's copyrighted works attached hereto as **Exhibits 2-4** (the "Works") contain a substantial amount of original material which constitutes copyrightable subject matter protected under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

    36.    As previously alleged, AICO has applied for, and received from, the United States Register of Copyrights Certificates of Registration for the copyrighted Works.

    37.    AICO has at all times complied in all respects with the Copyright Act of 1976 and all other laws of the United States with regard to Plaintiff's Works.

    38.    Defendants have had access to Plaintiff's proprietary Works by virtue of AICO's extensive advertising and displaying of its furniture, and Defendants' direct awareness of AICO for many years.

    39.    Defendants have used or caused to be used various copies constituting

unauthorized copies of Plaintiff's Works in a manner that violates Plaintiff's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 106.

40. Defendant's distribution, public display, offering for sale and/or sales of substantially similar, and/or identical copies of the Works constitutes copyright infringement in violation of Plaintiff's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

41. By reason of Defendant's acts of copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court (1) enters an order enjoining and restraining Defendant from using the Works and/or any colorable imitations thereof in any manner, and (2) orders all the copied works to be impounded.

42. Defendant's continuing acts of copyright infringement, unless enjoined, will cause and have caused irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendant to cease such acts. Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendant commits such acts, and in each such action it will be extremely difficult to ascertain the Plaintiff's injuries.

43. By reason of Defendants' acts of copyright infringement, Plaintiff is entitled to recover all profits received or otherwise achieved, directly or indirectly, by Defendants in connection with their copying, advertising, distributing, and/or selling of the accused designs which are copies of Plaintiff's Works, as well as any other acts of Defendants that violate 17 U.S.C. § 106. Or, in the alternative, Plaintiff is entitled to an award of statutory damages as provided for in 17 U.S.C. § 504(c), subject to enhancement for willful infringement.

**COUNT II – DESIGN PATENT INFRINGEMENT**
**35 U.S.C. §§ 101 ET SEQ.**

44. AICO hereby repeats and incorporates herein the allegations set forth

in paragraphs 1 through 43 above.

45. AICO's '873 and '812 Patents (see, **Exhibits 5-6** attached hereto) have at all relevant times subsequent to their issue dates been fully enforceable and are now fully enforceable.

46. Subsequent to the issuance of the '873 and '812 Patents, Defendants have infringed said patents by using, importing, offering to sell, and/or selling, and continuing to use, import, offer to sell and/or sell products that come within the scope of the claims of the patents, and that come within a range of equivalents of the claims of the patents, and/or contributing to the infringing activities of others.

47. The using, importing, offering to sell, and/or selling of infringing products by Defendants, and/or contributing to the infringing activities of others, has been without authority or license from AICO and is in violation of AICO's rights, thereby infringing the '873 and '812 Patents.

48. For the reasons stated elsewhere herein, Defendants' infringement of AICO's '873 and '812 Patents has been willful, with knowledge, and in disregard for the exclusive rights of AICO set forth in its patents set forth herein.

49. The amount of money damages which AICO has suffered due to Defendants' acts of infringement cannot be determined without an accounting of Defendants' profits, and it is thus subject to proof at trial.

50. AICO is entitled to a complete accounting of all revenue and profits derived by Defendants from the unlawful conduct alleged herein.

51. The harm to AICO arising from Defendants' acts of infringement of AICO's '873 and '812 Patents is not fully compensable by money damages. Rather, AICO has suffered and continues to suffer irreparable harm which has no adequate remedy at law and which will continue unless Defendants' conduct is enjoined.

52. AICO is therefore also entitled to a preliminary injunction, to be made permanent on entry of the judgment, preventing Defendants from further acts of

infringement.

WHEREFORE, AICO demands judgment against Defendants, as follows:

A.  For an order preliminarily and permanently enjoining the Defendants, and their officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them from committing any further acts of infringement, including but not limited to, copying, manufacturing, importing, selling and distributing the accused products, or aiding or abetting or assisting others in such infringing activities;

B.  For an order directing Defendants to file with this Court and to serve on AICO within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

C.  For an order seizing and impounding all accused products, including those en route to the U.S. from Defendants' overseas supplier(s);

D.  For a judgment requiring Defendants to account to AICO for and to pay AICO all profits acquired by Defendants from selling the accused products, as well as any other acts prescribed by 17 U.S.C. § 106, and/or for statutory damages based upon Defendants' acts of copyright infringement pursuant to 17 U.S.C. § 504(c), at AICO's election;

E.  For a judgment to be entered for AICO against Defendants in an amount equal to $150,000 per copyright infringed, pursuant to 17 U.S.C. § 504(c).

F.  For a judgment to be entered for AICO against Defendants in an amount equal to the profits Defendants made in connection with their sales of products that infringe the '873 and '812 Patents pursuant to 35 U.S.C. § 289 to be proven at trial, or in the alternative, a reasonable royalty;

G. For a judgment awarding to AICO prejudgment and postjudgment interest until the award is fully paid;

H. For a judgment that Defendants have willfully and deliberately infringed AICO's rights, such that AICO is entitled to enhanced statutory damages pursuant to 17 U.S.C. § 504(c), if elected, and a determination that this is an exceptional case entitling AICO to enhanced damages under the Patent Laws of the United States;

I. For an award to AICO of costs, including attorneys' fees, incurred in bringing this action under both the Copyright Act and the Patent Laws of the United States; and,

J. For such other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted:
CISLO & THOMAS LLP

Dated: April 1, 2014      By:   /s/Daniel M. Cislo
                                Donald M. Cislo, Esq.
                                Daniel M. Cislo, Esq.
                                Mark D. Nielsen, Esq.

                                Attorneys for Plaintiff, AMINI INNOVATION CORPORATION

T:\14-29001\Complaint.docx

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues raised by the Complaint so triable.

Respectfully submitted:<br>
CISLO & THOMAS LLP

Dated: April 1, 2014        By:   /s/Daniel M. Cislo
                                  Donald M. Cislo, Esq.
                                  Daniel M. Cislo, Esq.
                                  Mark D. Nielsen, Esq.

                                  Attorneys for Plaintiff, AMINI
                                  INNOVATION CORPORATION