**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMINI INNOVATION CORPORATION<br><br>　　Plaintiff,<br><br>　　v.<br><br>MCFERRAN HOME FURNISHINGS, INC., a California corporation; SHARON LIN, an individual; and DOES 1-9, inclusive,<br><br>　　Defendants. | CV 14-2464 RSWL (SSx)<br><br>**ORDER RE: DEFENDANTS' MOTION TO STRIKE [20]** |

　　Currently before the Court is Defendants McFerran Home Furnishings ("McFerran") and Sharon Lin's (collectively, "Defendants") Motion to Strike the Complaint of Plaintiff [20] filed May 30, 2014. Plaintiff Amini Innovation Corporation ("Plaintiff") filed an Opposition on June 17, 2014 [24] and Defendants filed a Reply on June 25, 2014 [25]. Having

1

reviewed all papers and arguments submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES in part and GRANTS in part** Defendants' Motion to Strike.

## I. BACKGROUND

Plaintiff is a California corporation with its principal place of business in Pico Rivera, California. Compl. ¶ 1. Defendant McFerran is a California corporation with its principal place of business in Chino, California. Id. at ¶ 2. Defendant Lin is a California resident and the owner and an officer or director of Defendant McFerran. Id. at ¶ 3.

Plaintiff is a well-known furniture designer and manufacturer located in Los Angeles County. Id. at ¶ 9. Plaintiff has advertised its furniture through various outlets, including the furniture industry's flagship publication, Furniture Today, an extensive website, a strong social media presence, brochure dissemination, and displays at trade shows. Id.

One of Plaintiff's products is its "Chateau Beauvais" bedroom collection, which includes furniture designs that consist of ornamental details and an overall shape and appearance originating with Plaintiff. Id. at ¶ 10. Plaintiff was awarded U.S. Copyright Registration Nos. VA 1-687-895, VA 1-707-601, and VA 1-687-890 for ornamental designs on various items in its Chateau Beauvais collection. Id. at ¶¶

12-14.  Plaintiff was also awarded U.S. Design Patent Nos. D605,873 (the "'873 Patent") and D610,812 (the "'812 Patent") for items in its Chateau Beauvais collection.  Id. at ¶¶ 16-17.

Plaintiff alleges that in early 2014, it learned that Defendant McFerran was publicly displaying and offering for sale knockoffs of items in Plaintiff's Chateau Beauvais bedroom collection.  Id. at ¶ 18.  More specifically, Plaintiff alleges that Defendant McFerran's B1600 and B1601 dresser, mirror, and nightstand and its B3600 mirror infringe on Plaintiff's intellectual property.  Id. at ¶ 19.

Plaintiff contends that Defendant McFerran's infringements are willful (id. at ¶ 20), primarily because Plaintiff has previously sued both Defendants and another company, Greengrass Home Furnishings ("Greengrass"), at which Defendant Lin was an officer at the time (id. at ¶¶ 21-25).  Both matters were settled, with permanent injunctions entered into by Defendants and Greengrass for the respective cases.  Id. at ¶¶ 22-25.  Plaintiff also has another pending Action, Case No. CV 13-6496 RSWL (SSx), in this Court against Defendants.  Id. at ¶ 26.  Plaintiff also claims that Defendant McFerran was sued for copyright infringement in another case in December 2007, Case No. CV 07-7919.  Id. at ¶ 28.

Accordingly, Plaintiff brings claims for copyright infringement and design patent infringement against

3

Defendants. Id. at ¶¶ 33-52.

Plaintiff filed its Complaint in this Court on April 1, 2014 [1]. Previously, Plaintiff had filed another case, Amini Innovation Corp. v. McFerran Home Furnishings, Inc., No. CV 13-6496 RSWL (SSx), against Defendants, resulting in a transfer to Judge Lew [11].

## II. LEGAL STANDARD

### A. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matters from the pleadings. The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).

The grounds for a motion to strike must appear on the face of the pleading under attack. See SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). In addition, the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike. In re 2TheMart.com, Inc. Sec. Litig, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing California v. United States, 512 F. Supp. 36, 39 (N.D. Cal. 1981)). As a rule, motions to strike are regarded with disfavor because striking is such a

4

drastic remedy; as a result, such motions are infrequently granted. Freeman v. ABC Legal Servs., Inc., 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. Vogel v. Huntington Oaks Delaware Partners, LLC, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979)).

### III. DISCUSSION

Defendants seek to strike ten paragraphs, paragraphs 21-29 and 32, from Plaintiff's Complaint and to strike Plaintiff's incorporation of paragraphs and exhibits from its complaint in another case involving the same Parties, Case No. CV 13-6496 RSWL (SSx). Mot. 2:17-4:2. These paragraphs, generally, reference prior litigation involving Plaintiff enforcing its intellectual property rights against Defendants or companies affiliated with Defendant Lin. See Compl. ¶¶ 21-28. The referenced paragraphs and exhibits relate to Defendants' alleged infringement of Plaintiff's "Hollywood Swank" and "Villa Valencia" bedroom collections. See Amini Innovation Corp. v. McFerran Home Furnishings, Inc., Case No. CV 13-6496 RSWL (SSx) (C.D. Cal.) Dkt. # 1 ¶¶ 19-30[1]; Smith Decl. Ex. C.

---

[1] Oddly, Defendants attach a copy of Plaintiff's Complaint in this Action instead of the complaint in Amini Innovation Corp. v. McFerran Home Furnishings,

5

**A.   Are Plaintiff's Allegations Regarding Defendants' Past Litigation History Immaterial or Impertinent?**

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" Fantasy, 984 F.2d at 1527 (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id.

Defendants argue that the challenged allegations are immaterial because whether they have been involved in other litigation regarding infringement of other intellectual property has no bearing on whether infringement occurred in the instant Action. Mot. 4:18-23. Plaintiff contends that past litigation is relevant to damages and willfulness. Opp'n 7:2-5.

Plaintiff is correct that whether a defendant's infringement was willful may be relevant to damages for

---

Inc., Case No. 13-6496 RSWL (SSx) (C.D. Cal.). See Smith Decl. Ex. B. In any event, pleadings in related litigation, such as the Complaint in the related case here, are properly subject to judicial notice as they are matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005); Fed. R. Evid. 201. As such, the Court takes judicial notice of the complaint in the related case for the purpose of ruling on this Motion.

both copyright and patent infringement.

Under the Copyright Act, a "copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However, "where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. § 504(c)(2).

"Upon a finding of infringement, section 284 of the Patent Act requires the court to award 'damages adequate to compensate for the infringement.'" Jurgens v. CBK, Ltd., 80 F.3d 1566, 1569-70 (Fed. Cir. 1996) (quoting 35 U.S.C. § 284 (1994)). Section 284 further "gives the court discretion to 'increase the damages up to three times the amount found or assessed.'" Id. In determining "whether to grant enhanced damages as allowed under 35 U.S.C. § 284," a court applies "a two-step process." Whitserve, LLC v. Computer Packages, Inc., 684 F.3d 10, 37 (Fed. Cir. 2012) (citing Jurgens, 80 F.3d at 1570). The two-step inquiry first requires the fact finder to determine "whether an infringer is guilty of conduct upon which increased damages may be based. If so, the court then determines, exercising

its sound discretion, whether, and to what extent, to increase the damages award given the totality of the circumstances." Id. The culpability requirement may be satisfied by "'[a]n act of willful infringement.'" Id.

Courts have found that a defendant's litigation history may be relevant to the issue of willfulness in the copyright infringement context. See Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc., 74 F.3d 488, 497 (4th Cir. 1996) (finding that record supported jury's finding of willfulness where evidence included previous copyright infringement lawsuits involving the defendant); Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1381-82 (2d Cir. 1993).

Likewise, courts have found that a defendant's litigation history may be relevant to the issue of willfulness in the patent infringement context. See Donnelly Corp. v. Gentex Corp., 918 F. Supp. 1126, 1134 (W.D. Mich. 1996); see also Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1573 (Fed. Cir. 1993) (holding that defendants' knowledge of prior litigation involving a plaintiff's asserted patent would be relevant to the issue of willful infringement); TruePosition Inc. v. Andrew Corp., 611 F. Supp. 2d 400, 410 (D. Del. 2009).

The history of litigation between the Parties may certainly be relevant to the issue of willfulness and

damages for both Plaintiff's copyright and patent infringement claims, even if it is not necessarily relevant as to whether Defendants actually infringed the asserted intellectual property at issue in this Action. Typically, "a court must deny the motion to strike if any doubt exists whether the allegations in the pleadings might be relevant to the action." Montecino v. Spherion Corp., 427 F. Supp. 2d 965, 967 (C.D. Cal. 2006) (citing 2TheMart.com, 114 F. Supp. 2d at 965); Sec. & Exch. Comm'n v. Levin, 232 F.R.D. 619, 625 (C.D. Cal. 2005). At this juncture, the Court cannot strike Plaintiff's references to Defendants' past litigation as the Parties' litigation history may be relevant to the issues of willfulness and damages.

Defendants also contend that the Court may strike as impertinent allegations that could not be admitted as evidence in the Action. Mot. 5:16-18 (citing Fantasy, 984 F.2d at 1527). Defendants argue that these allegations are improper character evidence or unfairly prejudicial under Federal Rules of Evidence 403 and 404. Id. at 6:7-7:6; Reply 2:20-3:2, 5:18-6:18.

Evidentiary objections to allegations are typically a non-issue at the pleading stage, however. See In re New Century, 588 F. Supp. 2d 1206, 1221 n.12 (C.D. Cal. 2008) (citing In re McKesson HBOC, Inc. Sec. Litig., 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000)) (rejecting

hearsay objections in the defendants' motion to strike as being a non-issue at the pleading stage). Defendants' evidentiary arguments with respect to these allegations are thus, similarly, a non-issue.

The Court finds support from <u>Henrikson v. Turbomeca, S.A.</u>, No. CV.S 06 1563 WBS DAD, 2006 WL 3929541 (E.D. Cal. Dec. 13, 2006). In <u>Henrikson</u>, the plaintiffs brought product liability claims against several defendants for allegedly defectively designing and manufacturing a helicopter engine, which led to a deadly helicopter crash. <u>Id.</u> at *1. The court denied defendants' motion to strike a plaintiffs' allegations referencing a defendant's prior litigation and judgments stemming from a previous helicopter crash involving a different engine manufactured by one defendant. <u>Id.</u> at *1-*3. Notably, the court rejected the "defendants' contention that these references in the complaint will prejudice the jury" because "[p]leadings such as the complaint . . . are *not* evidence admitted at trial, nor are they given to the jury for consideration." <u>Id.</u> at *2. Furthermore, the court emphasized that "the determination as to whether evidence is inadmissible is not ripe for decision until an offer has actually been made to introduce the challenged material into evidence." <u>Id.</u> at *3 (citing <u>Hanley v. Volpe</u>, 305 F. Supp. 977, 981 (E.D. Wisc. 1969)). The court found that the allegations were

1 relevant because the plaintiffs' fraud and failure to
2 warn claims were premised on a theory that the
3 particular defendant had a company policy of failing to
4 repair known defects.  Id.  Noting that it was "neither
5 necessary nor proper at this stage for the court to
6 assess the merits of such an argument," the court found
7 it "sufficient to note that the prior events have some
8 'essential or important relationship' to plaintiffs'
9 arguments in support of their claims."  Id. (quoting
10 Fantasy, 984 F.2d at 1527).
11     Similarly, here, a determination as to whether the
12 evidence supporting these challenged allegations is not
13 ripe for decision as no offer to introduce evidence of
14 these allegations has been made.  Moreover, Plaintiff's
15 allegations relating to Defendants' litigation history
16 are potentially relevant to the issue of willfulness in
17 calculating damages.  Because Defendants' remaining
18 arguments pertaining to Plaintiff's allegations of
19 Defendants' litigation history are based on unripe
20 evidentiary objections, the Court **DENIES** Defendants'
21 Motion to Strike with respect to paragraphs 21-29 and
22 32 of the Complaint.
23 **B.   May Plaintiff Adopt by Reference Paragraphs and**
24      **Exhibits from a Related Case?**
25     Paragraph 26 of the Complaint incorporates by
26 reference paragraphs 19-30 and the attached exhibits to
27 the complaint filed in related case Amini Innovation
28                             11

Corp. v. McFerran Home Furnishings, Inc., Case No. CV 13-6496 RSWL (SSx). Compl. ¶ 26. Those referenced paragraphs allege that Defendant McFerran infringed on some of Plaintiff's other intellectual property – namely its Hollywood Swank and Villa Valencia bedroom collections. See Amini Innovation Corp. v. McFerran Home Furnishings, Inc., Case No. CV 13-6496 RSWL (SSx) (C.D. Cal.) Dkt. # 1 ¶¶ 19-30. The attached and referenced exhibits are pictures of Defendant McFerran's alleged advertisements and public displays of knockoffs of Plaintiff's Hollywood Swank and Villa Valencia bedroom collection items as well as correspondence between the Parties relating to these alleged infringements. See Smith Decl. Ex. C.

    Defendants argue that paragraph 26 of the Complaint violates Federal Rule of Civil Procedure 10(c)'s allowance for incorporating by reference exhibits and statements in or attached to other pleadings. Mot. 7:10-8:16. Defendants also contend that the allegations and exhibits Plaintiff seeks to incorporate by reference are immaterial and impertinent. Reply 6:20-7:10.

    Plaintiff contends that Rule 10(c) permits referencing allegations and exhibits from a pleading in another case so long as, apparently, the adoption by reference is clearly done so as to enable the opposing party to ascertain the nature and extent of the

incorporation. Opp'n 15:17-25 (quoting <u>Bruce v. Gore</u>, Civil Action No. 3:10-CV-2173-G, 2012 WL 987556, at *2 (N.D. Tex. Mar. 22, 2012)).

Although there is some disagreement on this point (<u>see e.g.</u>, <u>Global Oil Tools, Inc. v. Barnhill</u>, Civil Action Nos. 12:1507, 12-3041, 2013 WL 3070838, at *9 (E.D. La. June 17, 2013)), courts typically hold that Rule 10(c) does not allow a party to adopt pleadings from a wholly separate action, even if that action is between the same parties (<u>see</u> <u>Tex. Water Supply Corp. v. R.F.C.</u>, 204 F.2d 190, 196-97 (5th Cir. 1953) ("Rule 10(c) . . . permits references to pleadings and exhibits in the same case, but there is no rule permitting the adoption of a cross-claim in a separate action in a different court by mere reference"); <u>Aronson v. Advanced Cell Tech., Inc.</u>, 972 F. Supp. 2d 123, 136 (D. Mass. 2013) (quoting <u>Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.</u>, 801 F. Supp. 2d 211, 223 (S.D.N.Y. 2011)); <u>Davis v. Bifani</u>, Civil Action No. 07-cv-00122-MEH-BNB, 2007 WL 1216518, at *1 (D. Colo. Apr. 24, 2007) ("the Court does not believe that it is proper to incorporate by reference wholesale the allegations in a complaint in a completely separate action, even if that action is between the same parties")). Applying this rule, the Court strikes the Complaint's references to these allegations and exhibits.

The Court also finds that the purpose underlying a motion to strike further supports striking the Complaint's references to the related case's allegations and exhibits. Specifically, "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) (citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  Plaintiff is already litigating these allegations in the separate, related action - allowing it to litigate these allegations in this Action would serve no purpose other than to multiply the proceedings and to confuse the issues. Such is a permissible basis for a motion to strike. See Ollier v. Sweetwater Union High Sch. Dist., 735 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010) (citing Rosales v. Citibank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); Bureerong v. Uvawas, 822 F. Supp. 1450, 1478 (C.D. Cal. 1996)).

Accordingly, the Court **GRANTS** Defendants' Motion to Strike with respect to paragraph 26's references to allegations and exhibits in the separate, related case. The Court notes, however, that this Order does not necessarily preclude Plaintiff from introducing this evidence at trial.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES in part and GRANTS in part** Defendants' Motion to Strike [20]. Specifically, the Court **DENIES** Defendants' request to strike paragraphs 21-29 and 32 of the Complaint. However, the Court **GRANTS** Defendants' request to strike paragraph 26's references to allegations and exhibits in the related case.

**IT IS SO ORDERED.**

DATED: July 9, 2014      RONALD S.W. LEW
                         _____
                         **HONORABLE RONALD S.W. LEW**
                         Senior U.S. District Judge